IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| REBECCA HART and MICHAEL HART | * | |
| Plaintiffs | * | |
| v. | * | Civil No. **PJM 13-868** |
| **BED BATH & BEYOND, INC.** | * | |
| Defendant | * | |
| ************************************ | | |
| **BED BATH & BEYOND, INC.** | * | |
| Third-Party Plaintiff | * | |
| v. | * | |
| **NHG LIQUIDATION, INC. F/K/A NAPA HOME & GARDEN, INC., et al.** | * | |
| Third-Party Defendants | * | |

## MEMORANDUM OPINION

Rebecca and Michael Hart have sued Bed Bath & Beyond, Inc. ("BBB") for injuries sustained as a result of their friends' purchase and use of a product called "Firelites". BBB moved to dismiss the Harts' loss of consortium claims and, in response, the Harts moved to amend their Complaint by making the consortium claim joint and by adding Michael Hart as a Plaintiff on all counts. BBB opposes the amendment. Following oral argument, the Court **GRANTED-IN-PART** and **DEFERRED-IN-PART** Defendant's Motion to Dismiss, granting the Motion with respect to the loss of consortium claims (Counts VIII and IX) by requiring a single claim to be brought jointly, and deferring as to the remaining counts. The Court then **GRANTED** Plaintiffs' Motion to Amend their Complaint as to the loss of consortium claim

1

(Count VII), **DEFERRED** as to the remaining counts, and **DIRECTED** Michael Hart to provide an affidavit indicating precisely the manner in which he was purportedly injured by the product in question. Having reviewed Hart's affidavit and the parties' additional briefing, the Court **DENIES** Defendant's Motion to Dismiss (Paper No. 11), except as previously ruled upon, and **GRANTS** Plaintiffs' Motion to Amend (Paper No. 18).

## I.

The Harts filed their Complaint against BBB on March 22, 2013. According to this Complaint, during the evening hours of May 28, 2011, while at the home of friends, Rebecca Hart was seriously burned by a product known as "Firelites," a firepot filled with citronella fuel gel, which the friends had purchased at BBB. Rebecca Hart was allegedly engulfed in flames and suffered from 2nd and 3rd degree burns to 50-75% of her body, as a result of which she underwent multiple surgeries. In the original Complaint Michael Hart's only claim was as plaintiff for loss of consortium. He alleged no injury whatsoever to himself. After the Court granted the Harts leave to amend their complaint to allege a single joint loss of consortium, the Harts moved to add Michael Hart not only as a joint plaintiff in the loss of consortium claim, but also as an individual Plaintiff on all counts. According to Michael Hart's affidavit and the Harts' Proposed Amended Complaint, the fireball that burned Rebecca Hart also contacted Michael Hart's leg, singing his leg hair.

According to the affidavit, the hair on the exterior side of Michael Hart's right leg was burned from just above the right knee down to the ankle. The hair was partially burned at the knee level and completely burned off to the skin from the calf to the ankle. A smaller area of the leg, roughly the size of his palm, was burned and left pink or reddish, similar to a sun burn. The hair grew back naturally over time. Michael Hart claims that he first noticed the alleged injury

2

when he was waiting on Rebecca Hart in the Emergency Room of the hospital to which she was taken. An ER nurse allowed Michael Hart to use the ER's staff locker room to clean his leg. Twenty-four hours later Michael Hart used Cortizone 10 on his leg, and applied it once a day for a total of 3 days. He sought no other medical treatment. Nor, again, did he seek redress for any injury in the original Complaint.

## II.

Once a defendant has filed a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citations omitted). Leave to amend is freely given unless the opposing party makes a showing of undue prejudice, bad faith, dilatory motive, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182, (1962). "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). The Court assesses futility under the standard of Fed. R. Civ. P. 12(b)(6). *Adorno v. Crowley Towing and Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006).

In negligence cases, "actual injury ha[s] to be shown to make an actionable wrong." *Richardson v. Boato*, 207 Md. 301, 304, 114 A.2d 49, 51 (1955). "Negligence . . . is a cause of action only for a person who suffers actual harm by reason of it." *Id*. The physical injury is compensable only if the injury is "capable of objective determination." *E.g*. *Vance v. Vance*, 286 Md. 490, 500, 408 A.2d 728, 733-34 (1979). The "clearly apparent and substantial physical injury" may be proved in one of four ways: (1) an external condition, (2) symptoms of a resulting

3

pathological, (3) physiological, or (4) mental state. *Bowman v. Williams*, 164 Md. 397, 404, 165 A. 182, 184 (1933).

**III.**

Michael Hart's purported injury, while clearly limited, is nonetheless a cognizable injury.

As for adding him as a plaintiff in Counts I-VI and VIII of the Proposed Amended Complaint at this juncture, the call is close. The Court does find it curious that Michael Hart for the first time has declared his injury well into the case, and indeed his motives for doing so may be seriously challenged. But the place for this to be done is on cross-examination by Defendants at trial, including inquiring into why Michael Hart waited so long to make his claim and whether he may be engaged in an effort to inflate his wife's damages.

The Court will therefore allow the Harts to amend their Complaint, including adding Michael Hart as an individual co-plaintiff on all relevant counts.

**IV.**

For the foregoing reasons, the Court **DENIES IN PART** Defendant's Motion to Dismiss (Paper No. 11) as to the remaining counts, and **GRANTS** Plaintiffs' Motion to Amend Complaint (Paper No. 18).

A separate Order will **ISSUE**.

|  | /s/ |
|---|---|
|  | PETER J. MESSITTE |
| **November 6, 2013** | UNITED STATES DISTRICT JUDGE |